IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM SCOTT HOWARD, SR.

     *Plaintiff*,

v.                           No. 1:26-cv-01100-STA-jay

TENNESSEE DEPARTMENT OF MENTAL HEALTH,
*doing business as*
FULL SERVICE PARTNERSHIP,

     *Defendant*.

---

REPORT AND RECOMMENDATION

---

On May 5, 2026, Plaintiff William Scott Howard, Sr., proceeding pro se, filed this action against the Tennessee Department of Mental Health, doing business as "Full Service Partnership." (Docket Entry ["D.E."] 1). The Court is required to conduct a screening of this action because Howard sought and received *in forma pauperis* ("IFP") status. *See* 28 U.S.C. § 1915(e)(2)(B); (D.E. 2). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. It is RECOMMENDED that Howard's Complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

District courts are required by statute to dismiss an action filed IFP if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 2007). A complaint is frivolous if "it lacks an

1

arguable basis either in law or in fact" or describes "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A plaintiff must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bett Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, even under this liberal standard, Howard's Complaint is subject to summary dismissal.

In his Complaint, Howard states that the Tennessee Department of Mental Health is targeting him, abusing its power and authority, and obstructing justice using both law enforcement personnel and flying monkeys. These alleged actions amount to harassment, discrimination, psychological warfare, mental health abuse, and law enforcement abuse.

Howard's allegations are not credible and fail to allege facts "sufficient to raise a right to relief above the speculative level." *Hensley Mfg.*, 579 F.3d at 609. His fantastical allegations contained in this lawsuit are consistent with similar allegations he has raised in twelve previous lawsuits that this Court has dismissed as frivolous or for failure to prosecute.[1] *See Howard v. Fox*, No. 1:23-cv-01262-STA-jay (W.D. Tenn. filed Dec. 8, 2023); *Howard v. City of Jackson Police Dep't, et al.*, No. 1:23-cv-01265-STA-jay (W.D. Tenn. filed Dec. 12, 2023); *Howard v. Jackson Police Dep't*, No. 1:23-cv-01266-JDB-jay (W.D. Tenn. filed Dec. 12, 2023); *Howard v. Publishers Clearing House New York Sweepstakes*, No. 1:24-cv-01120-JDB-jay (W.D. Tenn. filed June 6,

---

[1] One lawsuit Howard has filed remains pending before the Court and has not yet been screened. *See Howard v. Henderson, Cheser Cnty., Police Dep't, et al.*, No. 1:25-cv-01281-JDB-jay (W.D. Tenn. filed Dec. 4, 2025).

2024); *Howard v. Full Serv. P'ship, et al.*, No. 1:24-01221-JDB-jay (W.D. Tenn. filed Oct. 8, 2024); *Howard v. Gomez*, No. 1:24-01222-JDB-jay (W.D. Tenn. filed Oct. 8, 2024); *Howard v. Lam, et al.* , No. 1:24-01266-JDB-jay (W.D. Tenn. filed Dec. 26, 2024); *Howard v. Jackson City Police Dep't, et al.*, No. 1:24-cv-01269-STA-jay (W.D. Tenn. filed Dec. 30. 2024); *Howard v. Henderson Police Dep't, et al.*, No. 1:25-01018-STA-jay (W.D. Tenn. filed Jan. 22, 2025); *Howard v. FedEx Delivery Co., et al.*, No. 1:25-cv-01019-STA-jay (filed Jan. 22, 2025); *Howard v. Madison Cnty. Jail Admin., et al.*, No. 1:25-cv-01065-JDB-jay (W.D. Tenn. filed Mar. 4, 2025).

Because Plaintiff William Scott Howard, Sr.'s latest lawsuit is comprised of factual allegations that "rise to the level of the irrational or the wholly incredible," *Denton*, 504 U.S. at 33, the Court should find that his lawsuit is frivolous and dismiss it with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Respectfully submitted, this the 27th day of May, 2026.

s/Jon A. York
United States Magistrate Judge

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**